IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Diego Patterson, | ) | Case No. 8:22-cv-355-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Dr. Scuderi, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 116) recommending Defendants' motion for summary judgment be granted. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment.

**I.   Background**

Plaintiff, a pre-trial detainee at the S.A. Cannon Detention Center ("SACDC"), filed this action pro se alleging violation of the Fourteenth Amendment, inadequate medical care, and deliberate indifference to diabetic health and safety. (Dkt. No. 25 at 1, 11).

Defendants moved for summary judgment on July 27, 2022. (Dkt. No. 66). Counsel for Plaintiff entered a notice of appearance on October 2, 2022 and filed a response in opposition to Defendants' motion on November 9, 2022. (Dkt. No. 110). Defendants filed a reply. (Dkt. No. 114).

On January 3, 2023, the Magistrate Judge filed an R&R recommending that Defendants' motion for summary judgment be granted. (Dkt. No. 116).

Plaintiff filed timely objections to the R&R. (Dkt. No. 117).

Defendants' motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### b. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions

of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

Because Plaintiff filed objections, the R&R is reviewed *de novo.*

As explained in detail in the R&R, in his amended complaint Plaintiff alleges that despite injuring his finger around December 2, 2021, "he was not given a splint until a month and a half after the doctor ordered that he be given one and that the over-the-counter medication he was given did not address his pain." (Dkt. No. 116 at 4) (citing (Dkt. No. 24 at 7)). Plaintiff alleges Defendants had actual or consecutive knowledge that their "subordinate[s] w[ere] engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to plaintiff" and that "their response . . . was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices." (*Id.*). As noted in the R&R, while Plaintiff argued in opposition that his amended complaint was "verified," and its allegations could be used to oppose Defendants' motion for summary judgment, (Dkt. No. 110 at 7-8), the amended complaint is plainly not verified

as it was not made under penalty of perjury, (Dkt. No. 116 at n.6). *See* (Dkt. No. 117) (failing to explicitly object to this finding); *see also* (Dkt. No. 24) (amended complaint). Accordingly, to the extent Plaintiff continues to imply in his objections that questions of material exist because of the mere allegations in his complaint, the Court overrules such arguments. *See* (Dkt. No. 117).

With the above in mind, and after a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. As explained in the R&R, even reading all facts in a light most favorable to him, Plaintiff has put forth no evidence from which a reasonable factfinder could infer Defendants exhibited deliberate indifference to his medical condition. To the contrary, Defendants have put forth evidence demonstrating that Plaintiff was treated continuously for months from around the time he allegedly injured his finger. *See* (Dkt. No. 116 at 12-15) (recounting Plaintiff's pertinent medical history based on the affidavit of Dr. Dalsania, medical director at SACDC and a physician with Wellpath, a group providing services there); (*Id.* at 16-17) (further noting that to the extent Plaintiff is attempting to challenge Dr. Dalsania's "representation that using buddy tape constituted appropriate care, he forecasts no admissible evidence that could create a genuine dispute of material fact on that point either"). Accordingly, the Court grants Defendants' motion for summary judgment.

Plaintiff filed objections to the R&R which the Court addresses below. (Dkt. No. 117).

Plaintiff's principal challenge to the R&R is the Magistrate Judge's finding that Plaintiff failed to forecast evidence supporting his allegations that Defendants were deliberately indifferent to his medical needs. (*Id.* at 1-3). Plaintiff argues that the Magistrate Judge erred in reaching this conclusion because she relied on Dr. Dalsania's affidavit. *See* (*id.* at 2) (appearing to argue that the Magistrate Judge should not have credited Dr. Dalsania's affidavit because it is "contradicted"

by the record but failing to cite relevant, admissible testimony to show as much and instead citing Plaintiff's amended complaint to support this argument). Plaintiff relatedly argues, without further explanation, that the Magistrate Judge erred because "this Court's function at this stage is not 'to weigh the evidence and determine the truth of the matter but to determine there is a genuine issue for trial.'" (*Id.* at 3).

The Court overrules Plaintiff's objection. A de novo review of the R&R shows the Magistrate Judge did not improperly "weigh" any evidence. Rather, the Magistrate Judge determined that, in response to Defendants' arguments based on Dr. Dalsania's affidavit[1], Plaintiff put forth no admissible evidence capable of raising a dispute of material fact as to the information stated therein. (Dkt. No. 116 at 16 & n.6) (noting that, at summary judgement, Plaintiff cannot not create a dispute of material fact by citing to his nonverified pleadings); (*Id.* at 15-16) (noting that "In the face of the evidence Defendants have forecasted of the extensive treatment Plaintiff received, Plaintiff simply argues that 'he was denied reasonable treatment altogether.' . . . To the extent that Plaintiff's argument that Defendants were deliberately indifferent to his medical condition is based on a challenge to Dr. Dalsania's account in his affidavit of what occurred on December 8, Plaintiff has failed to forecast any admissible evidence that would create a genuine dispute of material fact on that point.").

Accordingly, the Court overrules Plaintiff's objections.

IV. **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 17) as the order of the Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 66).

**AND IT IS SO ORDERED.**

---

[1] Dr. Dalsania reviewed Plaintiff's medical records in preparing her affidavit. (Dkt. No. 66-1 ¶ 7).

                          <u>s/ Richard Mark Gergel</u>
                          United States District Judge

January 23, 2023
Charleston, South Carolina